1   Irene Karbelashvili, State Bar Number 232223
    **LAW OFFICE OF IRENE KARBELASHVILI**
2   12 South First Street, Suite 413
    San Jose, CA 95113
3   Telephone: (408) 295-013
    Fax: (408) 295-0142
4
5   Kenneth J. Pinto, State Bar Number 221422
    **LAW OFFICE OF KENNETH J. PINTO**
6   12 South First Street, Suite 713
    San Jose, CA 95113
7   Telephone: (408) 289-1765
    Fax: (408) 289-1754
8
9
10  Attorneys for RICHARD JOHNSON, Plaintiff
11
                    **UNITED STATES DISTRICT COURT**
12                  **NORTHERN DISTRICT OF CALIFORNIA**
13

14  RICHARD JOHNSON,                          )   Case No. 5:15-cv—2397 PSG
                                              )
15              Plaintiff,                     )   *Civil Rights*
                                              )
16  vs.                                       )   **FIRST AMENDED COMPLAINT**
                                              )   **FOR DAMAGES & INJUNCTIVE**
17                                            )   **RELIEF:**
    JAMES HERBERT TOWNSEND, an                )
18  individual; 7-ELEVEN, INC., a Texas       )   **1ST CAUSE OF ACTION:** Violation
    corporation, d/b/a 7-ELEVEN STORE         )   of the Americans with Disabilities Act
19  #14221, a/k/a 7-ELEVEN FOOD STORE;        )   **2ND CAUSE OF ACTION:**
    WILLIAM CATES, an individual; THU T.      )   Violation of the Unruh Civil Rights
20  CATES, an individual;  and DOES 1-20,     )   Act
    inclusive                                 )   **3RD CAUSE OF ACTION:** Violation
21                                            )   of the Disabled Persons Act
                Defendants.                    )   **4TH CAUSE OF ACTION:** Unfair,
22                                            )   Unlawful, Deceptive Business
                                              )   Practice
23                                            )   **5TH CAUSE OF ACTION:** Violation
                                              )   of the False Advertisement Practices
24                                            )   Act
                                              )
25  _____ )
                                              )   **DEMAND FOR JURY TRIAL**
26
27
28
    _____
                **First Amended Complaint for Damages & Injunctive Relief**
    Page 1 of 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff RICHARD JOHNSON (hereafter "Plaintiff") complains of Defendants JAMES HERBERT TOWNSEND, an individual; 7-ELEVEN, INC., a Texas corporation, d/b/a 7-ELEVEN STORE # 14221, a/k/a 7-ELEVEN FOOD STORE; WILLIAM CATES, an individual; THU T. CATES, an individual; and DOES 1-20, inclusive, (hereafter "Defendants") and alleges as follows:

## I.   INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was enacted over twenty-five years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)). Despite this long-standing mandate, Defendants - the owners, operators, lessors and lessees of the store knows as 7-Eleven Store #14221 or 7-Eleven Food Store (the "Store") located at 657 N. Santa Cruz Avenue, in Los Gatos, California - have failed to provide disabled persons with full and equal access to their goods and services in violation of the ADA by constructing and/or failing to remove architectural barriers that prevent persons who use wheelchairs or other mobility devices from using and enjoying their facilities in a full and equal manner as their able-bodied persons. In so doing, Defendants have also violated California civil rights laws including the Unruh Civil Rights Act ("Unruh"), Cal. Civ. Code §.51 et seq.,  the Disabled Persons Act, Cal. Civ. Code §54 et seq.,  as well as Business & Professions §§ 17200 et seq., and 17500 et seq.

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented from enjoying full and equal access to Defendants' goods, services and facilities to the same extent as, and in a manner equal to, his able-bodied peers. Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendants to provide "full and equal" access to their public facilities for disabled persons as required by law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of

1    action, arising from the same facts, are also brought under California law, including but not
2    limited to violations of the Unruh Act, Cal. Civ. Code § 51 et seq., and the Disabled Persons
3    Act, Cal. Civ. Code § 54 et seq.

4          4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the
5    fact that the real property which is the subject of this action is located in the Northern District
     and that Plaintiff's causes of action arose in the Northern District.
6

7                                          **III. PARTIES**

8          5. Plaintiff RICHARD JOHNSON ("Plaintiff") is, and at all times relevant herein was,
9    a qualified individual with a physical "disability" as defined by Department of Justice
10   regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff was in a
11   motorcycle accident that left him as a high functional quadriplegic. Plaintiff is unable to
12   independently stand or walk, and requires the use of a wheelchair at all times for mobility.
     Plaintiff is unable, due to his physical disability, to independently use public facilities that are
13
     not designed and/or constructed in compliance with applicable accessibility standards to
14
     accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a
15
     disabled parking placard issued by the State of California. He is also a resident of Los Gatos,
16   California.

17         6. On information and belief, Defendants JAMES HERBERT TOWNSEND, an
18   individual; 7-ELEVEN, INC., a Texas corporation, d/b/a 7-ELEVEN STORE # 14221, a/k/a 7-
19   ELEVEN FOOD STORE; WILLIAM CATES, an individual; THU T. CATES, an individual,
20   are owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or
21   alter egos, franchisors and/or franchisees, of the business, property, buildings, parking lots,
     and/or portions thereof located at 657 N. Santa Cruz Avenue, in Los Gatos, California,
22
     including but not limited to the Store, the walkways and parking places serving the Store .
23
           7. The true names and capacities of Defendants DOES 1 through 20, inclusive, are
24
     unknown to Plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff is
25   informed and believes that each of the Defendants, DOES 1 through 20 inclusive is the agent,
26   ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative,
27   franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity,
28   partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at

1    all times acting and performing, or failing to act or perform, within the course and scope of

2    such similar aforementioned capacities, and with the authorization, consent, permission or

3    ratification of each of the other Defendants, and is personally responsible in some manner for

4    the acts and omissions of the other Defendants in proximately causing the violations and

5    damages complained of herein, and have participated, directed, and have ostensibly and/or

6    directly approved or ratified each of the acts or omissions of each of the other Defendants, as

7    herein described. Plaintiff prays leave of Court to amend this Complaint to show such true

     names and capacities when the same have been ascertained.

8

9                    **IV. FACTS UPON WHICH ALL CLAIMS ARE BASED**

10       8. The Store is a "place of public accommodation" as defined under Title III of the

11   ADA, 42 U.S.C. § 12181 (7)(B) & (E), and California civil rights laws. Cal. Civ. Code §§ 51 et

12   seq.; §§ 54 et seq.

13       9. On information and belief, the Store was constructed and/or altered after January 26,

     1993.

14       10. Plaintiff and other similarly situated physically disabled persons who require the

15   use of a wheelchair or other mobility device, are unable to access and use the goods, services

16   and facilities offered at the Store on a "full and equal" basis unless they are brought into

17   compliance with Title III, 42 U.S.C. § § 12181 et seq.; and California Code of Regulations,

18   Title 24-2 ("Title 24-2"), all of which were enacted to ensure full and equal access for persons

19   with disabilities in places of public accommodation. Plaintiff is a member of that portion of the

20   public whose rights are protected by these laws.

21       11. Plaintiff visited the Store at 657 N. Santa Cruz Avenue, in Los Gatos, California on

22   at least five separate occasions (02/13/15, 02/22/15, 03/05/15, 03/023/15, 05/12/15) since

23   January 2015. During his visits, Plaintiff was confronted with a garbage dumpster blocking the

     parking access aisle. In order to get around the garbage dumpster, Plaintiff was forced to back

24   his van out of the designated parking space to avoid the barrier. When Plaintiff got out of his

25   van, he realized that the same garbage dumpster was blocking the ramp to the sidewalk to get

26   into the Store. On each and every visit Plaintiff brought the problem with the dumpster to the

27   attention of the Store's employees and each time the Store's employees acknowledged that the

28   dumpster was in the way and promised that they would move it. Relying on the Store's

─────────────────────────────────────────────

                    **First Amended Complaint for Damages & Injunctive Relief**

employees promises of moving the garbage dumpster away, Plaintiff returned to the Store in order to find that the garbage dumpster was still blocking the parking access aisle and the ramp to the sidewalk. Plaintiff found it disturbing that the parking lot was freshly restriped and it was obviously that at some point of time the garbage dumpster was moved in order to do painting, but then moved back to its blocking position. In due course Plaintiff became quite certain that Defendants have no intention in providing equal access to their disabled customers unless they are compelled to do so by court.

12. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Store premises. While he could not make detailed measurements, he determined that the Store was also inaccessible in multiple other ways, including, but not limited to, the following:

- The cross slope at built up curb is steep
- Front door has no ADA sign
- High reach range at interior like lotto checking machine
- Cashier counter blocked for reach range by display items
- Interior carpet is a tripping hazard
- No path of travel from public right of way
- ADA parking striping is short
- No path of travel from parking to the main door due to dumpster blocking the path
- No clear space at bottom of ramp landing (encroach into parking)
- The top ramp landing is blocked by a concrete garbage bin
- Tow away sign is small
- Tow away sign has no phone numbers
- There is no ADA parking sign
- ADA parking slopes more is steep
- ADA access aisle slopes are steep
- Curb ramp flared sides are over 10%
- Front door is fast closing
- Front door is heavy
- No directional signage on interior

- No signage on the public bathroom
- Bathroom door is too tight
- No clear space around the bathroom door
- Bathroom does not allow clear space to be used
- The bathroom door lock requires twisting
- The bathroom door handle requires twisting
- The sink faucet requires twisting
- Every dispenser is out of reach

13. During the meet and confer and/or joint inspection, Johnson's consultant reviewed the Defendant's expert report and identified the following accessibility barriers:

A.  Exterior Accessible Route - There is NOT an exterior accessible route (48 in. wide with no vertical changes greater than ¼ in.) from the public right-of-way to an accessible entry and other accessible site elements.;

B.  Parking- ADA parking slopes over 2%;

C.  Parking- ADA parking access aisle slopes;

D.  Parking- Accessible parking space does not have reflectorized sign visible from each stall showing the ISA and $250 fine;

E.  Parking- Van accessible ADA parking spaces do not have a sign stating "Van Accessible";

F.  Parking- There is NO a tow-away sign posted in a conspicuous place at each entrance to off-street parking lot, or immediately adjacent to and visible from each accessible stall with required name and reclaim number;

G.  Main Customer Entry / Exit Doors: Interior Accessible entrance is NOT identified by an ISA;

H.  Main Customer Entry / Exit Doors: Interior Threshold at doorway is higher than ½ inch;

I.  Main Customer Entry / Exit Doors: Interior Door has Handles, locks, and latches or other operative devices are NOT operable with one hand;

J.  Main Customer Entry / Exit Doors: Interior and exterior doors need MORE than 5 pounds of maximum pressure to operate;

K.  Main Customer Entry/Exit Doors: There are NOT permanent identification signs located on the approach hinge side jamb of the double door as one enters the room or space;

L.  Interior Cashier Counters: Transaction counter is NOT at least 36 inches long;

M.  Interior Accessible Route: Store aisles are NOT at least 48 inches wide;

N.  Interior Accessible Route: There is not at least a 60 inch minimum U-turn around aisles;

O.  Interior Accessible Route: Reach range for Slurpee operating control exceeds 48 inches;

P.  Interior Accessible Route: Slurpee operating control requires more than 5 pounds of force to operate.

14. As a result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be, denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of the Store, and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

15. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's CASp-certified access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

1

2

## V. CLAIMS FOR RELIEF

3

## FIRST CAUSE OF ACTION
**Violation of the Americans with Disabilities Act – Title III U.S.C. § 12101 et seq.**

4

5

6

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 14 of this Complaint, and incorporates them herein as if separately repled.

7

8

9

10

11

12

13

14

15

17. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities," and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101.

16

17

18. Congress stated as its purpose in passing the Americans with Disabilities Act, 42 U.S.C. §12101(b):

18

It is the purpose of this act:

19

20

21

22

23

24

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

25

26

27

19. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. §12181 et seq. Among "private entities" which are considered "public accommodations" for purposes of this title are restaurants and stores (42 U.S.C. §12181(7)(B) & (E)).

28

---

**First Amended Complaint for Damages & Injunctive Relief**

1    20. Title III of the ADA provides that "No individual shall be discriminated against on

2    the basis of disability in the full and equal enjoyment of the goods, services, facilities,

3    privileges, advantages, or accommodations of any place of public accommodation by any

4    person who owns, leases (or leases to), or operates a place of public accommodation." 42

5    U.S.C. § 12182(a).

        21. Defendants have discriminated against Plaintiff on the basis of his disability in

6    violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory

7    conduct includes, but is not limited to:

8        A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges,
         advantages, accommodations, and/or opportunities;
9        B. Provision of goods, services, facilities, privileges, advantages, and/or
         accommodations that are not equal to those afforded non-disabled individuals;
10       C. Failing to design and/or construct facilities built for first occupancy after
11       January 26, 1993 so that they are readily accessible to and usable by individuals
         with disabilities in accordance with the ADA Standards for Accessible Design
12       (ADA Standards), 28 C.F.R. pt. 36, app. A. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§
13       36.401, 36.406(a);
         D. Since January 26, 1992, failing to make alterations in such a manner that, to
14       the maximum extent feasible, the altered portions of the facilities are readily
         accessible to and usable by individuals with disabilities in accordance with the
15       ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403,
16       36.406(a);
         E. Since July 26, 1991, failing to comply with the ongoing obligation to remove
17       barriers, and/or provide path of travel upgrades to remove barriers at facilities
         where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); 28
18       C.F.R. § 36.304.

19       22. On information and belief, the Store and its related facilities underwent construction

20   and/or alterations after January 26, 1992 that triggered access requirements under the ADA -

21   Title III.

22       23. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and

23   42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

24                        **SECOND CAUSE OF ACTION**
25                          **Unruh Civil Rights Act**
                           **Cal. Civ. Code §51 et seq.**
26
27       24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

28   allegations contained in Paragraphs 1 through 22 of this Complaint, and incorporates them

---

**First Amended Complaint for Damages & Injunctive Relief**
Page 9 of 13

1  herein as if separately repled.

2      25. The Store is a business establishment and, as such, must comply with the provisions
3  of the Unruh Act, Cal. Civ. Code, § 51, et seq.

4      26. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to
5  full and equal accommodations, advantages, facilities, privileges, or services in all business
   establishments of every kind whatsoever within the jurisdiction of the State of California. Cal.
6  Civ. Code, § 51(b).

7      27. The Unruh Act also provides that a violation of the ADA, or of California state
8  accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51 (f).

9      28. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or
10 inciting the denial of, Plaintiffs rights to full and equal use of the accommodations, advantages,
11 facilities, privileges, or services offered at the Store.

12     29. Defendants have also violated the Unruh Act by denying, or aiding or inciting the
   denial of, Plaintiffs rights to equal access arising from the provisions of the California state
13 accessibility regulations and the ADA.

14     30. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52,
15 Plaintiff prays for judgment as set forth below.

16

17                          **THIRD CAUSE OF ACTION**
                              **Disabled Persons Act**
18                          **Cal. Civ. Code § 54 et seq.**

19     31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the
20 allegations contained in Paragraphs 1 through 29 of this Complaint, and incorporates them
21 herein as if separately repled.

22     32.The Store is a place of public accommodation and/or a place to which the general
23 public is invited and, as such, Defendants are obligated to comply with the provisions of the
24 California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 et seq.

25     33. The CDPA guarantees, inter alia, that persons with disabilities have the same right
26 as the general public to the full and free use of the streets, highways, sidewalks, walkways,
   public buildings, public facilities, and other public places. Cal. Civ. Code § 54.
27
       34. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to
28

full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

35. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, Cal. Civ. Code § 54.1(d).

36. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiffs right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of the Store and its related facilities due to his disability.

37. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### Unfair, Unlawful, Deceptive Business Practice in Violation of California Business & Professions Code § 17200 et seq.

38. Plaintiff repleads and incorporates by reference each and every allegation contained in paragraphs 1 through 36, inclusive, as though set forth fully herein.

39. Defendants engage in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, et seq., of the Business and Professions Code.

40. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

41. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, the False Advertising Practices Act, and

---

**First Amended Complaint for Damages & Injunctive Relief**

1  Americans with Disabilities Act as alleged herein.

2      42. Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

3

4                          **FIFTH CAUSE OF ACTION**

5  **For Violating the False Advertisement Practices Act, Business & Professions Code §**
                                    **17500 et seq.**

6

7      43. Plaintiff repleads and incorporates by reference each and every allegation contained

8  in paragraphs 1 through 41, inclusive, as though set forth fully herein.

9      44. Defendants engage in business practices, offer their goods and services for sale, and

10 advertise their goods and services within the jurisdiction of the state of California. As such,

11 Defendants have a duty to comply with the provisions of the False Advertising Practices Act

12 set forth in §§ 17500, et seq., of the Business and Professions Code.

13     45. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or

14 causing to be made, any statement concerning goods and services which is known, or with the

15 exercise of reasonable care should be known, to be untrue or misleading, by any corporation or

16 employee thereof.

17     46. The previously alleged conduct of Defendants violates the False Advertising Act,

18 including § 17500 of the Business and Professions Code, in that said Defendants have

19 represented that their goods and services are available to all members of the general public,

20 when, in fact, said Defendants deny full and equal access to such goods and services to

21 disabled individuals with mobility limitations by reason of Defendants' failure to comply with

22 their legal obligations under the Unruh, Disabled Persons Act, and the Americans with

23 Disabilities Act.

24     47. Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

25

26                          **VI. PRAYER FOR RELIEF**

27 WHEREFORE, Plaintiff respectfully requests:

28

---

**First Amended Complaint for Damages & Injunctive Relief**

Page 12 of 13

1        1. For Injunctive Relief, compelling Defendants to comply with Americans with

2    Disabilities Act and the Unruh Civil Rights Act and  California Business & Professions §§17200

3    et seq., 17500 et seq. **Note: Plaintiff is not invoking § 55 of California Civil Code and is not**

4    **seeking injunctive relief under the Disabled Persons Act at all.**

5        2. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California
     Civil Code (but not both) according to proof.

6        3. Attorney's fees, litigation expenses, and costs of suit.

7        4. Attorney's fees pursuant to §1021.5 of the California Code of Civil Procedure for the

8    enforcement of an important right affecting the public interest.

9        5. Interest at the legal rate from the date of the filing of this action.

10       6. Such other and further relief as the Court deems proper.

11

12   Dated: November 04, 2015                */s/  Irene Karbelashvili*
                                             Irene Karbelashvili, Attorney for Plaintiff

13                                           RICHARD JOHNSON

14

15                             **DEMAND FOR JURY**

16   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

17

18

19   Dated: November 04, 2015                */s/  Irene Karbelashvili*
                                               Irene Karbelashvili, Attorney for Plaintiff

20                                           RICHARD JOHNSON

21

22

23

24

25

26

27

28